**Opinion issued September 24, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00680-CR

————————————

## IN RE STEVEN ALLEN GOMEZ, Relator

Original Proceeding on Petition for Writ of Mandamus[1]

## MEMORANDUM OPINION ON REHEARING

Relator Steven Allen Gomez, an inmate proceeding pro se, filed a petition

for writ of mandamus complaining that the trial court and the Texas Board of

---

[1]    Counsel for Appellant: Pro se
Counsel for Appellee: unknown
Trial court Judge: Hon. Lonnie Cox, 56th District Court of Galveston County;
Ressie Owens, Chair of Texas Board of Pardons and Paroles

Pardons and Paroles refuse to rule on his request to modify his parole terms.[2] We dismissed the petition after receiving a motion to dismiss filed under relator's signature. Relator has moved for rehearing on the ground that the dismissal motion was not filed by him but by another prison inmate who lacked authority to request dismissal on relator's behalf. We grant relator's motion for rehearing,[3] withdraw our prior opinion, and issue this opinion in its stead.

This Court has no jurisdiction to grant relator's request for relief against the Texas Board of Pardons and Paroles. By statute, we only have the authority to issue a writ of mandamus against a "judge of a district or county court in the court of appeals district" and other writs *as necessary to enforce our appellate jurisdiction. See* TEX. GOV'T CODE ANN. § 22.221(a)−(b) (West 2004) (emphasis added). The issuance of a writ compelling the Texas Board of Pardons and Paroles to provide relator the requested relief is not necessary to enforce our appellate jurisdiction. Accordingly, that part of relator's petition requesting relief against the Texas Board of Pardons and Paroles is outside the scope of our original

---

[2] The underlying case is *State v. Gomez*, No. 02CR2058, in the 56th District Court of Galveston County, Texas.

[3] Rule 49.2 of the Texas Rules of Appellate Procedure provides that "[a] motion [for rehearing] will not be granted unless a response has been filed or requested by the Court." *See* TEX. R. APP. P. 49.2. We conclude that there is good cause to suspend the application of rule 49.2 in this case. *See* TEX. R. APP. P. 2 (permitting appellate courts to "suspend a rule's operation in a particular case" on its own initiative in order "to expedite a decision or for other good cause"). Given our decision to deny mandamus relief, we decline to impose upon the real party in interest the expense of filing a response to the rehearing motion.

jurisdiction. We deny the remainder of the relief requested in relator's petition, and we dismiss all outstanding motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Huddle, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).